**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:26CV-P318-JHM**

**NORAION MOORE** **PLAINTIFF**

**v.**

**LMDC *et al.*** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Noraion Moore filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action with prejudice, except for one claim which will be dismissed without prejudice and with leave to amend.

## I. SUMMARY OF ALLEGATIONS

Plaintiff is a pretrial detainee at Louisville Metro Department of Corrections (LMDC). He sues LMDC and K. Brown, an LMDC officer, in his official capacity only. Plaintiff states that on February 26, 2026, he was in a physical altercation with another inmate and sustained a laceration to his left eyebrow and received medical treatment. Later that day, he states that he returned from a court date and was placed in a dorm with the same inmate he had been in the altercation with earlier. He reports that within 30 minutes of placement in the dorm he and the other inmate had a second physical fight "due to their proximity and pre-existing animosity." Plaintiff states, "Officer admission of error: shortly after the second altercation the Defendant officer returned and allegedly admitted to making a 'mistake' stating Plaintiff should have been housed on a different floor." He maintains, "This misplacement directly led to a second violent confortation placing Plaintiff life in jeopardy and causing significant mental anguish." He also states, "The officer was aware of the

prior conflict and the inherent danger of the placement but proceeded anyway, or negligently failed to ascertain a known substantial risk of harm."

Plaintiff alleges a violation of the Eighth Amendment for failure to protect and deliberate indifference to his safety. He also asserts a violation of the Due Process Clause of the Fourteenth Amendment and states that the officer "disregarded the standard procedures and policy." He also alleges "negligence by failing to exercise reasonable care in inmate placement leading to foreseeable harm.

As relief, he seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*,

58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### *A. § 1983 claims*

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### *1. LMDC and official-capacity claim*

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, "[o]fficial capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Brown is actually brought against his employer, Louisville Metro Government.

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any actions stated in the complaint occurred pursuant to a policy or custom implemented or endorsed by Louisville Metro Government. In fact, he alleges that Brown's action violated LMDC policies and procedures. Because the complaint fails to establish a basis of liability against Louisville Metro Government, the claims against LMDC and the official-capacity claim against Brown must be dismissed for failure to state a claim upon which relief may be granted.

**2. *Individual-capacity claim***

Plaintiff did not sue Brown in his individual capacity. However, the Court may allow Plaintiff to amend his complaint to sue him in his individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act])." Before doing so, the Court must first consider whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a

plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d [at] 951 . . ., and leave to amend should be denied if the amendment would be futile.").

***a. Deliberate indifference to safety/failure to protect***

Plaintiff alleges a claim of deliberate indifference to his safety and failure to protect in violation of the Eighth Amendment. However, because Plaintiff is a pretrial detainee and not a convicted inmate, his claims are brought under the Fourteenth Amendment, rather than the Eighth Amendment. *See Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) ("[T]he Eighth Amendment applies only to those convicted of crimes. . . . [P]retrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment.") (internal citations and quotation omitted). Therefore, Plaintiff's claim for violation of the Eighth Amendment would be futile.

However, upon consideration, the Court will dismiss this claim without prejudice to Plaintiff filing an amended complaint to allege a claim for deliberate indifference to safety/failure to protect in violation of the Fourteenth Amendment against Brown **in his individual capacity**. *See LaFountain*, 716 F.3d at 951; *Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of pro se complaint without prejudice and with leave to amend).

***b. Due process***

Plaintiff also alleges a violation of the Due Process Clause because Brown's actions violated LMDC policies and procedures. However, failure of prison or jail officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long

been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claim for violation of the Due Process Clause would be futile.

### ***B. State-law claim***

Plaintiff also alleges a state-law negligence claim. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action. As stated above, the § 1983 claim for deliberate indifference to safety/failure to protect in violation of the Fourteenth Amendment will be dismissed without prejudice and with leave to amend for Plaintiff to sue Brown in his individual capacity. **Plaintiff should state all allegations he wishes to assert against Brown as the amended complaint will supersede, or replace, the original complaint**.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than October 1, 2026**.

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff should he choose to amend the complaint.

Date: September 1, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010